UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT MOYER,

    Plaintiff,

v.                                                CASE NO.: 8:10-cv-723-T-23EAJ

YUENGLING BREWING COMPANY
OF TAMPA, INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff sues (Doc. 7) pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA"), for (1) production of plan documents, including the "Summary Plan Description;" (2) benefits due under an ERISA plan; and (3) clarification of the plaintiff's right to future benefits under the plan. The defendant moves (Doc. 10) to dismiss and argues that Yuengling Brewing Company of Tampa ("Yuengling") is not a proper defendant to this action. The plaintiff responds (Doc. 11) in opposition.

### Background

The plaintiff's employer, Yuengling, insured employees through a long-term disability insurance policy, the "D.G. Yuengling & Son, Inc. Welfare Benefit Plan" (the "plan"), procured from the Metropolitan Life Insurance Company ("MetLife"). The plan (Doc. 10-1) lists D.G. Yuengling & Son, Inc., as the "employer and plan administrator."

An employee claiming benefits must (1) obtain a claim form from the employer and (2) submit the claim to MetLife.  Additionally, the plan states that:

> the Plan Administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan.  Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

In September, 2005; March, 2007; August, 2008; and November, 2008, the plaintiff requested (as a result of the plaintiff's disability) that Yuengling provide the plaintiff with certain plan documents, including the summary plan description.  Yuengling neither responded nor provided the summary plan description.  Yuengling eventually instructed the plaintiff to submit a claim to Unum Life Insurance Company of America, which instruction the plaintiff followed.[1]  The plaintiff alleges that, despite the plaintiff's becoming disabled and entitled to benefits under the plan, Yuengling (1) "failed to provide the required [p]lan documents," (2) "materially interfered with [p]laintiff's rights under the [p]lan," and (3) "prevented [p]laintiff from otherwise pursuing his entitlement to the benefits at issue."

The plaintiff requests (Doc. 7) a judgment (1) awarding the plaintiff statutory penalties in accord with 29 U.S.C. § 1132(c), attorneys' fees, and costs; (2) finding that the plaintiff deserves disability benefits under the plan; (3) finding that the plaintiff is

---

[1] In moving to dismiss, the defendant states that the complaint "mis-identif[ies]" Unum Life Insurance Company as Yuengling's long-term disability insurer, even though "[i]n fact, MetLife issued the LTD insurance policy for Yuengling during the relevant time period."  (Doc. 10)  The plaintiff argues that the allegation as to Unum Life Insurance Company is "wholly consistent with the assertion that Defendant failed to comply with Plaintiff's requests, and then referred Plaintiff to an entity (Unum) that was in no way related to the Plan Defendant sponsored."  (Doc. 11)

- 2 -

entitled to the plan documents that the plaintiff requested; (4) remanding the plaintiff's claim to the plan administrator to "for further action to address continuing benefits;" and (5) finding that the payment of benefits is proper through the date of the court's order.

## Discussion

In moving to dismiss, Yuengling argues (1) that "Yuengling is not a proper defendant to a claim for benefits under [the plan,] because Yuengling is not capable of providing [p]laintiff's requested relief for an entitlement to benefits under a [long-term disability] policy" and (2) that, because the complaint fails to allege that the plaintiff claimed and received a decision denying benefits under the policy, "it would be improper to allow a cause of action for wrongful denial of benefits against Yuengling."

"ERISA provides that a 'civil action may be brought by a participant or beneficiary . . . to recover benefits due . . . under the terms of [the] plan.'" Hamilton v. Allen-Bradley Co., Inc., 244 F.3d 819, 824 (11th Cir. 2001) (quoting 29 U.S.C. § 1132(a)(1)(B)). A beneficiary may sue the plan administrator to recover benefits. See Rosen v. TRW, Inc., 979 F.2d 191, 193-94 (11th Cir. 1992). If an employer is the plan administrator, the employer is liable for an ERISA violation. A beneficiary may establish the identity of plan administrator through (1) the language in the plan document and (2) the "factual circumstances surrounding the administration of the plan, even if the[] factual circumstances contradict the designation in the plan document." Hamilton, 244 F.3d at 824. A cause of action under Section 1132(a)(1)(B) accrues as soon as an application

for benefits is denied. Paris v. Profit Sharing Plan for Emp. of Howard B. Wolf, Inc., 637 F.2d 357, 361 (5th Cir. 1981).[2]

Under 29 U.S.C. § 1332(c), a beneficiary may sue for a plan administrator's "failure to supply requested information." Section 1132(c) states (in relevant part) that:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Section 1024 of Title 29, United States Code, lists the summary plan description as one of the documents that a plan administrator must provide to a beneficiary.

In this action, Yuengling both is the designated plan administrator and possesses (under the language of the plan) discretionary authority to interpret the terms of, and eligibility for benefits under, the plan. Accordingly, Yuengling is amenable to suit under either Section 1132(a)(1)(B) or Section 1132(c). The plaintiff, however, neither alleges that the plaintiff submitted a claim for benefits nor that the plaintiff received a denial of a claim for benefits. Thus, the plaintiff fails to show that a cause of action accrued under Section 1132(a)(1)(B). Nonetheless, the plaintiff adequately states a claim against Yuengling under Section 1132(c) for a failure to provide plan documents.

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (rendering binding precedent each decision of the former Fifth Circuit decided before September 30, 1981).

### Conclusion

Accordingly, Yuengling's motion (Doc. 10) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on August 17, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE