UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT MOYER,

    Plaintiff,

v.                                         CASE NO.: 8:10-cv-723-T-23EAJ

YUENGLING BREWING COMPANY
OF TAMPA, INC.,

    Defendant.
_____/

**ORDER**

The plaintiff sues (Doc. 7) under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA"). An August 17, 2010, order (Doc. 12) that denies the defendant's motion (Doc. 10) to dismiss finds (1) that the defendant, as the designated plan administrator, possesses discretionary authority to interpret the terms of, and eligibility for benefits under, the plan; (2) that the plaintiff fails to show that a cause of action accrued under Section 1132(a)(1)(B); and (3) that the plaintiff states a claim against the defendant under Section 1132(c) for a failure to provide plan documents.[1] The defendant moves (Doc. 19) for summary judgment based on the plaintiff's failure to

---

[1] Under 29 U.S.C. § 1332(c), a beneficiary may sue for a plan administrator's "failure to supply requested information." Section 1132(c) states (in relevant part) that:

> Any administrator . . . who fails or refuses to comply with a request for any
> information which such administrator is required by this subchapter to furnish to a
> participant or beneficiary (unless such failure or refusal results from matters
> reasonably beyond the control of the administrator) by mailing the material
> requested to the last known address of the requesting participant or beneficiary
> within 30 days after such request may in the court's discretion be personally liable
> to such participant or beneficiary in the amount of up to $100 a day from the date of
> such failure or refusal, and the court may in its discretion order such other relief as
> it deems proper.

Section 1024 of Title 29, United States Code, lists the summary plan description as one of the documents that a plan administrator must provide to a beneficiary.

request in writing a plan document from the defendant.[2]  The defendant relies on a request for admissions and an interrogatory (Docs. 19-1, 19-2), to which the plaintiff responded and admitted that he never sent a written request for a plan document to the defendant.  In response (Doc. 21) to the defendant's motion, the plaintiff asserts (1) that he disputes no fact in the defendant's motion, (2) that the plaintiff orally requested the plan document from the defendant, and (3) that the defendant provided the plaintiff a "benefit overview" that identified the defendant's disability insurer.  However, the plaintiff requests (Doc. 21) additional time to discover "who was acting as the actual [p]lan [a]dministrator during the relevant time period . . . ."

Rule 56(d), Federal Rules of Civil Procedure, permits either denial or deferral of a motion for summary judgment if "a non[-]movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."  In this instance, the plaintiff provides neither an affidavit nor a declaration.  However, even if the plaintiff had complied with Rule 56(d), the plaintiff's request for discovery nonetheless lacks merit.  The plaintiff argues (Docs. 7, 11) and the August 17, 2010, order (Doc. 12) finds that the defendant is the plan administrator.  The plaintiff provides no basis (other than speculative assertions) for either permitting additional discovery as to the identity of the plan administrator or concluding that the defendant is not the plan administrator.  The plaintiff admittedly never sent a written request to the defendant.  Therefore, the plaintiff possesses no claim under Section 1332(c) against the

---

[2] Section 1024 of Title 29, United States Code, requires that an administrator, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

defendant.[3]  If the plaintiff discovers that the defendant is not the plan administrator, the plaintiff possesses no claim against the defendant under Section 1332(c).

Accordingly, summary judgment is warranted.  The defendant's motion (Doc. 19) is **GRANTED**, and the Clerk is directed to (1) enter a judgment in favor of the defendant and against the plaintiff, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on February 28, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] According to the plaintiff (Doc. 21), the defendant in fact supplied a plan document to the plaintiff upon the plaintiff's oral request.